UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF KOMANOKAI, | Case No. 4:20-mc-80149-KAW<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

On September 1, 2020, Applicant Komanokai (dba Mariko Gynecologic) filed an ex parte application for an order to obtain discovery for use in a foreign proceeding, pursuant to 28 U.S.C. § 1782(a). (Mot., Dkt. No. 1.) Applicant seeks discovery from Google LLC ("Google"), who is headquartered in this district. *Id.* at 2. No opposition was filed. Upon consideration of the motion, the Court DENIES Applicant's request.

### I.  BACKGROUND

Komanokai (dba Mariko Gynecologic) is a medical corporation in Japan. (Mot. at 2.) Mariko Komano is an obstetrician, gynecologist, and Chairman of Komanokai. (Decl. of Yohei Shimizu, "Shimizu Decl.," Dkt. No. 3. ¶ 6.)

On or about July 2020, an unknown Google user with the moniker "m," posted a Google Maps review. (Shimizu Decl. ¶ 7.) The review provided a one-star rating and contained allegedly false and defamatory statements regarding Applicant's medical clinic. *Id.* Applicant claims that the review is updated weekly, so that it continues to be the first review listed in Google Maps. *See id.* The Google user posted the following statements:

> After finding and examining the lesion, I was advised to see a specialist as soon as possible. After the examination I was provided the results and that is when she said, "I don't know what kind of lesion

> it is and if it gets worse, come to me." I was dumbfounded. That's the same as me looking it up on the Internet as a regular person. I can't possibly refer her as a doctor. I don't know why I even made the time and even paid for the service. The attitude of the receptionist was also terrible. This place uses a machine to pay your bill, and there is no explanation of that. When I was confused, they gave me very vague explanations in a cumbersome manner, which confused me even more. I won't go there again.

(Shimizu Decl. ¶ 10, Ex. A.) Applicant contends that this is defamatory because, while patients pay their bill at the automatic teller machine, the machine displays instructions on how to use it, so "you will not be in a situation to be lost." (Mot. at 4; Shimizu Decl. ¶ 9.) Applicant also claims that "the nurse will provide information after the visit." *See ids.*

## II.   LEGAL STANDARD

28 U.S.C. § 1782 "is the product of congressional efforts . . . to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Under § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery sought is from a person or entity residing in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *See In re Republic of Equador*, No. 10-mc-80225-CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010).

Even if these three factors are met, the court is not required to grant the application. *In re Ex Parte Apple Inc.*, Case No. 12-mc-80013-JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012).; *see also In re Application of Joint Stock Co. Raiffeinsenbank ("In re Raiffeinsenbank")*, Case No. 16-mc-80203-MEJ, 2016 WL 6474224, at *3 (N.D. Cal. Nov. 2, 2016). Instead, the court considers the following non-exhaustive factors:

> (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery

> request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."

*In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *1 (quoting *Intel Corp.*, 542 U.S. at 264-65.) The court must exercise its "discretion with the 'twin aims' of § 1782 in mind: (1) 'providing efficient assistance to participants in international litigation' and (2) 'encouraging foreign countries by example to provide similar assistance to our courts.'" *In re Raiffeinsenbank*, 2016 WL 6474224, at *3 (quoting *Intel Corp.*, 542 U.S. at 252).

### III.    DISCUSSION

#### A.    42 U.S.C. § 1782 Threshold Requirements

The Court finds that Applicant satisfies § 1782's threshold requirements. First, the discovery is sought from a resident in this district, as Google is headquartered in Mountain View, California. (Mot. at 8.)

Second, while there is no pending foreign proceeding, Applicant claims that once the user's identity is ascertained, a civil suit can be filed in Japan. (Mot. at 6, 8-9.) "So long as a future proceeding is 'within reasonable contemplation,' it satisfies the statute's requirement." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citing *Intel,* 542 U.S. at 259). The Court has some question regarding whether a future proceeding is "within reasonable contemplation," rather than being merely speculative despite the retention of counsel in Japan, as discussed below, but will give Applicant the benefit of the doubt, and finds that the second requirement is satisfied. *See* discussion, *infra*, Part III.C.

Third, Applicant is an "interested person" because it is the anticipated plaintiff in the anticipated litigation. (Mot. at 9.)

Since all three threshold requirements have been met, the Court may authorize discovery under § 1782.

#### B.    Discretionary Factors

Additionally, there are four, non-exhaustive, discretionary factors that must be considered in deciding whether to authorize discovery under § 1782. The first factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel Corp.*,

542 U.S. at 264. This factor generally weighs against authorizing discovery if the person from whom it is sought is a participant in the foreign proceeding, because the "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* Here, Google is not a participant in the foreign proceeding, so this factor weighs in favor of granting the application.

The second factor considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. "This factor considers whether the foreign tribunal is willing to consider the information sought." *In re Raiffeinsenbank*, 2016 WL 6474224, at *5 (internal quotation omitted). In reviewing this factor, the district court looks at whether "there is reliable evidence that the foreign tribunal would not make any use of the requested material," in which case "it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *In re: Ex Parte Appl. Varian Med. Sys. Int'l AG ("In re Varian")*, Case No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation omitted). The Japanese tribunal would make use of the Google user's identity if they are a named defendant in a civil lawsuit, so this factor also weighs in favor of discovery.

The third factor looks at "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. "Although courts need not determine if an applicant has exhausted its discovery attempts abroad, a perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to §1782 can be a factor in a court's analysis." *In re Raiffeinsenbank*, 2016 WL 6474224, at *6 (internal quotation omitted). Here, the Court has no reason to believe that the instant application is an attempt to circumvent foreign proof-gathering restrictions or policies of Japan. This factor weighs in favor of authorizing § 1782 discovery.

The fourth factor reviews whether the requested discovery is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. "The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure." *In re*

4

*Raiffeinsenbank*, 2016 WL 6474224, at *6. As such, the granting of the subpoena does not preclude the Gmail accountholder from filing a motion to quash before the information is provided. Thus, this factor also weighs slightly in favor of granting the application. *See id.*

Even if the applicant satisfies the discretionary *Intel* factors, "[a] request should be denied if the court suspects that the request is a fishing expedition or a vehicle for harassment." *In re Hedrick House Ltd.*, No. SA MC 20-00005-DOC (DFM), 2020 WL 3965999, at *1 (C.D. Cal. Mar. 31, 2020) (citing *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011)).  The subject of this potential defamation lawsuit is a negative online review of one visit to a medical practice.  On its face, the Court cannot ascertain whether the review would state a viable claim for defamation under Japanese law—it certainly would not under American jurisprudence—because it is an opinion based on a snapshot in time. Even so, Applicant's own allegations regarding the automated teller machine and how medical information is transmitted do not factually conflict with the substance of the review.  Regardless, the Court believes that Applicant is far more likely to use the subscriber information to intimidate and harass the user into taking down the one-star review, rather than filing a lawsuit.  The undersigned is also concerned about the potentially chilling effect on speech should courts begin granting requests for subscriber information in cases involving negative online reviews.

Accordingly, the Court finds that the subscriber information is being sought for the improper purpose to harass or intimidate the user into removing the negative review, and, for that reason, denies the application.

### IV.   CONCLUSION

For the reasons set forth above, the Court DENIES the application.

IT IS SO ORDERED.

Dated: November 12, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5